United States District Court
Southern District of Texas
ENTERED
September 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-00-919 |
| | § | CIVIL ACTION NO. H-16-1344 |
| CHARLES PAUL RICKMAN, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM AND RECOMMENDATION DENYING DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Response (Document No. 56) to Defendant/§ 2255 Movant Charles Paul Rickman's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 40). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response, the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED as time-barred.

## I. Introduction and Procedural History

On December 19, 2000, Charles Paul Rickman ("Rickman") was charged by Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Document No. 1). On March 29,. 2001, Rickman pled guilty to that offense without a plea agreement (Document No. 22). Thereafter, following the preparation of a presentence investigation report, Rickman was sentenced to one hundred and twenty (120) months imprisonment, to be

followed by a three year term of supervised release. (Document No. 28). A Judgment of Conviction was entered on September 18, 2001 (Document No. 30). Rickman did not appeal.

On or about May 4, 2016, Rickman filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 40), citing *Johnson v. United States*, 135 S.Ct. 2551 (2015) as the basis for altering his conviction and/or sentence. The Government, in response, maintain that Rickman's § 2255 motion was untimely filed, and that the Supreme Court's decision in Johnson has no applicability to his conviction and sentence.

## II. Claim

In a bare-bones § 2255 Motion, devoid of any factual allegations, Rickman claims to be entitled to relief under *Johnson*. Rickman also maintain that his § 2255 motion is timely because the Supreme Court has, in *Welch v. United States*, 136 S.Ct. 1257 (2016), made *Johnson* retroactive to cases on collateral review.

In its Response to Rickman's § 2255 motion, the Government argues that Rickman's § 2255 Motion is time-barred, that *Johnson* does not apply because Rickman was not charged or convicted under the Armed Career Criminal Act, and that any enhancements to his sentence under the Sentencing Guidelines based on his prior convictions are not subject to the vagueness challenges at issue in *Johnson*.

## III. Discussion

In *Johnson*, the Supreme Court found that "an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*,

135 S.Ct. at 2563. The "residual clause" at issue in *Johnson* is that part of 18 U.S.C. § 924(e)(2)(B)(ii) which defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another." The holding in *Johnson* was made retroactive to cases on collateral review in *Welch*. Since then, various other statutory provisions, including the "crime of violence" definition in 8 U.S.C. §16(b), and provisions of the United States Sentencing Guidelines, have been challenged on the same due process grounds as that at issue in *Johnson*. While the Supreme Court has not yet addressed the due process challenges to like-worded *statutory* provisions, it has, in *Beckles v. United States*, ___ S.Ct. ___, 2017 WL 855781 (March 6, 2017), determined that the type of due process, void for vagueness challenges at issue in *Johnson* could not be made to like-worded provisions of the Sentencing Guidelines. In making that distinction, the Court in *Beckles* wrote:

> This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson,* 576 U.S., at ———, 135 S.Ct., at 2556 (citing *Kolender v. Lawson,* 461 U.S. 352, 357–358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses. *Id.,* at 357, 103 S.Ct. 1855. For the latter, the Court has explained that "statutes fixing sentences," *Johnson, supra,* at ——, 135 S.Ct., at 2557 (citing *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)), must specify the range of available sentences with "sufficient clarity," *id.,* at 123, 99 S.Ct. 2198; *see also United States v. Evans,* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); cf. *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).
>
> In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. *See Alleyne v. United States,* 570 U.S. ——, ——, 133 S.Ct. 2151, 2160–2161, 186 L.Ed.2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to

a crime).

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 2017 WL 855781, at *5–6. It is within the context of both *Johnson* and *Beckles* that the Government's first argument – that Rickman's § 2255 motion is time-barred – must be considered.

Under 28 U.S.C. § 2255(f), there is a one-year limitations period for the filing of a § 2255 Motion to Vacate, with the limitation period commencing from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of the limitations period under § 2255(f)(1), (2), and (4), Rickman's § 2255 Motion was filed over fourteen years after his conviction was final, Rickman has not alleged that he was impeded by any governmental action from timely filing a § 2255 notion, and has not alleged the recent discovery of any facts that support his claim. While Rickman suggests that his § 2255 Motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Welch*, which made *Johnson* retroactively applicable to cases on collateral review, *Johnson* simply does not apply to Rickman's conviction and sentence. That is because Rickman was sentenced

pursuant to 8 U.S.C. § 922(g) and 924(a)(2) – *not* 18 U.S.C. § 924(e), and because any enhancement to Rickman's sentence under the Sentencing Guidelines based his prior convictions does not, according to the Supreme Court in *Beckles*, implicate Rickman's due process rights. As such, *Johnson* is not applicable, and cannot be invoked as a basis for extending the limitations period under § 2255(f)(3). Consequently, the limitations period, under § 2255(f)(1), had long expired before Rickman filed his § 2255 Motion, and his § 2255 Motion is subject to dismissal on that basis alone. Rickman's § 2255 Motion is also subject to dismissal because, as set forth above, *Johnson* does not apply, and because any enhancement to his sentence under the Sentencing Guidelines does not, given the Supreme Court's decision in *Beckles*, implicate his due process rights.

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Rickman's § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed and that Rickman is entitled to no relief under *Johnson*, the Magistrate Judge

RECOMMENDS that Rickman's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 40) be DENIED and DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 6th day of September, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE